IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DANIEL WOODS and** | ) | |
| **ROBERT TERRELL,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **NO.** |
| vs. | ) | |
| | ) | |
| **CHICAGO POLICE OFFICER** | ) | |
| **CARIDINE, STAR #13333;** | ) | **JUDGE** |
| **CHICAGO POLICE OFFICER ALLEN,** | ) | |
| **STAR #15090; CHICAGO POLICE** | ) | **MAGISTRATE** |
| **OFFICER RUHNKE, STAR #13698;** | ) | |
| **CHICAGO POLICE OFFICER** | ) | |
| **MOORE, STAR #14480; CHICAGO** | ) | |
| **POLICE OFFICER RAMIREZ, STAR** | ) | |
| **#15722; CHICAGO POLICE OFFICER** | ) | |
| **COLEMAN, STAR #19652; CHICAGO** | ) | **JURY DEMAND** |
| **POLICE OFFICER PETIT, STAR** | ) | |
| **#19978; CHICAGO POLICE OFFICER** | ) | |
| **HOLT, STAR #3373, and OTHER** | ) | |
| **UNKNOWN CHICAGO POLICE** | ) | |
| **OFFICERS, Individually and as** | ) | |
| **Employees/Agents of the City of Chicago,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT AT LAW**

NOW COME, DANIEL WOODS and ROBERT TERRELL, by and through their attorney, the LAW OFFICES OF JEFFREY J. NESLUND, and in complaining of the Defendants, CHICAGO POLICE OFFICERS CARIDINE, STAR #13333; ALLEN, STAR #15090; RUHNKE, STAR #13698; MOORE, STAR #14480; RAMIREZ, STAR #15722; COLEMAN, STAR #19652; PETIT, STAR #19978 and HOLT, STAR #3373, states as follows:

1

## INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of plaintiffs' constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Plaintiffs, DANIEL WOODS and ROBERT TERRELL, are individuals who at all times relevant hereto were living in the Northern District of Illinois.

4. Defendants, CHICAGO POLICE OFFICERS CARIDINE, STAR #13333; ALLEN, STAR #15090; RUHNKE, STAR #13698; MOORE, STAR #14480; RAMIREZ, STAR #15722; COLEMAN, STAR #19652; PETIT, STAR #19978 and HOLT, STAR #3373, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

## FACTUAL SUMMARY

5. On November 10, 2008, the Plaintiffs were in the vicinity of 7500 S. Colfax Avenue in Chicago, Cook County, Illinois 60649.

6. Plaintiff ROBERT TERRELL was stopped, detained and arrested by DEFENDANT OFFICERS ALLEN, CARIDINE and Other Unknown Defendant Officers despite the fact that Plaintiff TERRELL was not in violation of any laws and DEFENDANT OFFICERS had not seen Plaintiff TERRELL commit any crime.

7. Plaintiff DANIEL WOODS approached DEFENDANT OFFICER ALLEN and Other Unknown Defendant Officers to find out why Plaintiff TERRELL had been taken into custody.

8. Plaintiff WOODS was struck by a Chicago Police car driven up onto the sidewalk by DEFENDANT OFFICER RAMIREZ.

9. After Plaintiff TERRELL was taken into custody, he was struck in the face with a blunt object multiple times by DEFENDANT OFFICERS ALLEN and CARIDINE in the presence of other DEFENDANTS.

10. Despite the fact both Plaintiffs were in need of medical attention for obvious injuries, both Plaintiffs were taken to the 03rd District Chicago Police Station and denied medical attention until the following day, November 11, 2008.

11. In order to cover up and conceal the misconduct described above, Plaintiff WOODS was arrested and charged with the felony offense of Aggravated Battery to a Police Officer by DEFENDANT OFFICER ALLEN.

12. DEFENDANT OFFICER ALLEN, DEFENDANT OFFICER CARIDINE and OTHER DEFENDANT OFFICERS signed police reports and criminal complaints against Plaintiff WOODS charging him with Aggravated Battery to a Police Officer knowing the contents in these documents to be false.

13. On or about February 10, 2010, Plaintiff WOODS was found not guilty of the felony offense of Aggravated Battery to DEFENDANT OFFICER ALLEN.

## COUNT I
## 42 U.S.C. § 1983: Excessive Force

14. Plaintiffs re-allege and incorporate paragraphs 1-13 above as fully stated herein.

15. The acts of DEFENDANT OFFICERS were a deliberate and malicious deprivation of the Plaintiffs' constitutional rights against excessive force as guaranteed to the Plaintiffs by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

16. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT OFFICERS, the Plaintiffs suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. 1983.

## COUNT II
### Failure to Provide Medical Attention

17. Plaintiffs re-allege and incorporate paragraphs 1-13 above as fully stated herein.

18. After the plaintiffs' misconduct and abuse of the Plaintiffs described above by the DEFENDANT OFFICERS, knew the plaintiffs had serious medical conditions and were in need of medical assistance.

19. The DEFENDANT OFFICERS were deliberately indifferent to the Plaintiffs' serious medical need and failed to provide them medical assistance.

20. The DEFENDANT OFFICERS' deliberate indifference caused physical harm to the Plaintiffs, including physical pain and suffering.

21. The misconduct described in this Count was undertaken by the DEFENDANT OFFICERS under the color of law and within their scope of employment as Chicago Police Officers such that their employer, The City of Chicago, is liable for their actions.

## COUNT III
### State Law Claim: Malicious Prosecution
### (Plaintiff DANIEL WOODS)

22. Plaintiff re-alleges and incorporates paragraphs 1-13 above as fully stated herein.

23. Plaintiff was improperly subjected to judicial proceedings for Aggravated Battery to a Police Officer for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings regarding the Aggravated Battery

to a Police Officer charge were terminated in Plaintiff's favor in a manner indicative of innocence.

24. DEFENDANT OFFICER accused Plaintiff of Aggravated Battery to a Police Officer, knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

25. Statements of DEFENDANT OFFICER regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, the DEFENDANT OFFICER fabricated evidence and withheld exculpatory information.

26. The misconduct described in this Count was undertaken with malice, willfulness, reckless indifference to the rights of others.

27. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

28. The misconduct described in this Count was undertaken by the DEFENDANT OFFICER within the scope of their employment such that their employer, CITY OF CHICAGO , is liable for their actions.

## COUNT IV
### (Pendant State Claim of Common Law Battery)

29. Plaintiffs reallege paragraphs 1 through 13 above as fully stated herein.

30. The DEFENDANT OFFICERS caused physical injuries to the Plaintiffs without any provocation or lawful justification and thereby committed a battery on the Plaintiffs.

31. The unlawful conduct of the DEFENDANT OFFICERS was willful and wanton and proximately caused great bodily harm and psychological injuries to the Plaintiffs.

WHEREFORE, Plaintiffs, DANIEL WOODS and ROBERT TERRELL, ask judgment against Defendants, CHICAGO POLICE OFFICERS CARIDINE, STAR #13333; ALLEN, STAR #15090; RUHNKE, STAR #13698; MOORE, STAR #14480; RAMIREZ, STAR #15722; COLEMAN, STAR #19652; PETIT, STAR #19978 and HOLT, STAR #3373, in a sum sufficient to compensate the Plaintiffs for their injuries.

## COUNT V
### State Law claim: Indemnification

32. Plaintiffs re-allege and incorporate paragraphs 1-13 above as fully stated herein.

33. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

34. DEFENDANT OFFICERS are or were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

### REQUEST FOR RELIEF

35. Plaintiffs, DANIEL WOODS and ROBERT TERRELL, respectfully requests that the Court:

   a. Enter judgment in his favor and against Defendants, CHICAGO POLICE OFFICERS CARIDINE, STAR #13333; ALLEN, STAR #15090; RUHNKE, STAR #13698; MOORE, STAR #14480; RAMIREZ, STAR #15722; COLEMAN, STAR #19652; PETIT, STAR #19978 and HOLT, STAR #33730;

   b. Award compensatory damages against Defendants, CHICAGO POLICE OFFICERS CARIDINE, STAR #13333; ALLEN, STAR #15090; RUHNKE, STAR #13698; MOORE, STAR #14480; RAMIREZ, STAR #15722; COLEMAN, STAR #19652; PETIT, STAR #19978 and HOLT, STAR #3373;

   c. Award attorneys' fees against Defendants, CHICAGO POLICE OFFICERS

      CARIDINE, STAR #13333; ALLEN, STAR #15090; RUHNKE, STAR #13698; MOORE, STAR #14480; RAMIREZ, STAR #15722; COLEMAN, STAR #19652; PETIT, STAR #19978 and HOLT, STAR #3373;

d. Award punitive damages against CHICAGO POLICE OFFICERS CARIDINE, STAR #13333; ALLEN, STAR #15090; RUHNKE, STAR #13698; MOORE, STAR #14480; RAMIREZ, STAR #15722; COLEMAN, STAR #19652; PETIT, STAR #19978 and HOLT, STAR #3373 in their individual capacities; and

e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs, DANIEL WOODS and ROBERT TERRELL, demand a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

      Respectfully submitted,

      /s/ Jeffrey J. Neslund
      JEFFREY J. NESLUND
      Attorney for Plaintiffs

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
150 North Wacker Drive
Suite 2460
Chicago, Illinois 60606
(312) 223-1100